

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | No. 3:05-CV-719-M |
| RANDY BRESTRUP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment, filed January 27, 2006. Plaintiff did not respond to the Motion. The Motion is **GRANTED IN PART**.

### FACTUAL BACKGROUND

Plaintiff Anthony Wilson ("Wilson") was employed as an enforcement officer by the Texas Comptroller of Public Accounts (the "Comptroller") beginning June 14, 2004. Wilson sent one of his co-workers, Adalberto Cortes, a letter stating that he planned to file suit against Cortes for defamation. Cortes told his supervisor, Randy Brestrup, about the letter.[1] Plaintiff alleges that on November 4, 2004, a representative of the human resources department of the Comptroller informed Wilson that the Comptroller was investigating Plaintiff's letter to Cortes. Plaintiff states that, the next day, Brestrup wrote up a reprimand of Wilson.[2] Wilson alleges that, on November 8, 2004, he told Brestrup that he had submitted a complaint to the Equal Employment

---

[1] Brestrup was also Wilson's supervisor.

[2] In his affidavit, Brestrup describes the "reprimand" as an "employee communication", stating that Mr. Wilson failed to follow agency procedure by accepting non-certified funds as payments and by including inappropriate documentation. Def. App. at 1.

Opportunity Commission ("EEOC"),[3] in response to Brestrup's reprimand of him. Plaintiff states that Brestrup continued his "pattern and practice of retaliating against plaintiff by issuing to plaintiff, via U.S. Mail, additional meritless written reprimands";[4] Plaintiff alleges that one of the reprimands contained blatantly false and defamatory statements.

Plaintiff filed suit in County Court at Law No. 4, Dallas County, Texas, on March 4, 2005. Plaintiff alleges that the City deprived him of his constitutional rights guaranteed by the First and Fourteenth Amendments in violation of 42 U.S.C. § 1983. Specifically, Plaintiff alleges that (1) Brestrup retaliated against him for speech protected by the First Amendment; and (2) Brestup's conduct violates the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also claims retaliation based on the Texas Commission on Human Rights Act ("TCHRA"), and defamation. Based on federal question jurisdiction, Defendant removed the case to this Court on April 14, 2005, and filed its Motion for Summary Judgment on January 27, 2006. Plaintiff did not file a Response to Defendant's Motion.[5]

---

[3]From the face of Plaintiff's Complaint, the Court cannot determine who was named in the EEOC claim. However, Plaintiff alleges that he provided copies of the EEOC claim to Brestrup, Selina Thomas (one of Plaintiff's supervisors), and Janet Bray (an employee at the Comptroller's headquarters).

[4]Brestrup states in his affidavit that he issued two additional "employee communications" on November 29, 2004, and on December 6, 2004. Brestrup also states in his affidavit that he "informed Mr. Wilson of his failure to follow agency policy concerning medical leave and the call in policy" on December 10, 2004, but does not state how he communicated that. Def. App. at 2.

[5]Wilson's failure to respond to the Motion does not alone support the automatic granting of the Motion. Defendant must still establish the absence of a genuine issue of material fact. See *United States v. Valdez*, C-05-330, 2005 U.S. Dist. LEXIS 30877, at *2 n.1 (S.D. Tex. Nov. 18, 2005) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985)); *see also Erickson v. Baylor Inst.*, 3:04-CV-1433-M, 2006 U.S. Dist. LEXIS 3695, at *2 n.1 (N.D. Tex. Jan. 26, 2006) (Lynn, J.).

## STANDARD OF REVIEW

Summary judgment is warranted when the facts and law, as reflected in the pleadings, affidavits, and other summary judgment evidence, show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Pourgholam v. Advanced Telemktg. Corp.*, No. 3:01-CV-2764-H, 2004 U.S. Dist. LEXIS 10659, at *2-3 (N.D. Tex. June 9, 2004) (citing Fed. R. Civ. P. 56; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. Fed. R. Civ. P. 56(e). The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses" and disregarding the evidence favorable to the nonmovant that the jury is not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000). Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th

Cir. 2005).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991). However, in the absence of proof, a court will not conclude that the nonmoving party could prove the required facts. *Lynch Props.*, 140 F.3d at 625.

## ANALYSIS

*1. First Amendment Retaliation*

A public employee may not be discharged, disciplined, or punished for exercising the right to free speech. *Fiesel v. Cherry*, 294 F.3d 664, 667 (5th Cir. 2002) (citing *Rankin v. McPherson*, 483 U.S. 378 (1987)). A plaintiff making a First Amendment retaliation claim must establish four elements: 1) that he has suffered an adverse employment decision; 2) that his speech involved a matter of public concern; 3) that his interest in commenting on matters of public concern outweighs the defendant's interest in promoting efficiency; and 4) that the speech motivated the defendant's action. *See Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 220 (5th Cir. 1999).

There is no genuine issue of material fact as to the fourth element of *Harris*. Defendant, through the affidavit of Randy Brestrup, proves that any disciplinary actions taken towards Plaintiff were based entirely on Brestrup's belief that Plaintiff "was in violation of agency policy and procedure with regard to the management of accounts and his adherence to [a]gency leave

and absence policies and no other reason". Def. App. at 3. Plaintiff produced no evidence to the contrary.[6] Therefore, the Court does not find a genuine issue of material fact as to whether any protected speech motivated disciplinary actions taken by Defendant, and **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's claim of First Amendment retaliation.

*2. Equal Protection*

"The essence of an equal protection claim is that other persons similarly situated as is the claimant unfairly enjoy benefits that he does not or escape burdens to which he is subjected." *Samaad v. City of Dallas*, 940 F.2d 925, 941 (5th Cir. 1991) (citing *United States v. Cronn*, 717 F.2d 164, 169 (5th Cir. 1983)). To prevail on his § 1983 claim based on the Equal Protection Clause, Plaintiff must plead and show evidence that a similarly situated group escaped the burdens to which Plaintiff was subjected. *See id.* at 941-42; *accord Gonzalez v. City Plan Comm'n*, 3:05-CV-1737-M, 2006 U.S. Dist. LEXIS 4415, at *7-8 (N.D. Tex. Feb. 3, 2006) (Lynn, J.). Plaintiff has not pleaded or shown evidence of a similarly situated group. Therefore, the Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's § 1983 claim based on the Equal Protection Clause.

*3. TCHRA*

Only employers are liable under the TCHRA; supervisors and managers are not liable in

---

[6]Wilson's unsworn pleadings do not constitute proper summary judgment evidence. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994)); *accord Erickson*, 2006 U.S. Dist. LEXIS 3695, at *10 n.6. Therefore, the Court does not consider Wilson's Complaint in assessing whether the record evidence creates a genuine issue of material fact sufficient to survive Defendant's Motion for Summary Judgment.

their individual capacities for any alleged acts of discrimination or retaliation. *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App. – Waco 2000, pet. denied) (citing *DeMoranville v. Specialty Retailers, Inc.*, 909 S.W.2d 90 (Tex. App. – Houston [14th Dist.] 1995), *rev'd on other grounds*, 933 S.W.2d 490 (Tex. 1996); *Benavides v. Moore*, 848 S.W.2d 190 (Tex. App. – Corpus Christi 1993, writ denied)). Brestrup's affidavit establishes that he was Plaintiff's supervisor, not his employer. Pl. App. at 1. Plaintiff has not produced evidence to the contrary. Therefore, the Court **GRANTS** Defendant's Motion for Summary Judgment as to Wilson's claims under the TCHRA.

*4. Defamation*

Although Defendant noted Plaintiff's claim of defamation in his brief, he did not present any argument directed to this claim or point to any evidence demonstrating the absence of a genuine issue of material fact. Therefore, the Court declines to dismiss Plaintiff's claim of defamation.

*5. Rule 41(b)*

Defendant argues that the Court should dismiss Plaintiff's claims based on Rule 41(b) of the Federal Rules of Civil Procedure. "The application of the draconian sanction of dismissal [under Rule 41(b)] is only appropriate . . . in egregious cases where there is a clear record of contumacious conduct and the record reflects that lesser sanctions would not be adequate." *Taylor v. Combustion Eng'g*, 782 F.2d 525, 527 (5th Cir. 1986); *cf. Scott v. J.C. Penney Corp.*, 3:05-CV-1359-M, 2005 U.S. Dist. LEXIS 28647, at *3-4 (N.D. Tex. Nov. 16, 2005) (Lynn, J.).

Defendant argues that Mr. Wilson's failure to appear and give testimony at his duly

noticed deposition on August 31, 2005, supports dismissal under Rule 41(b). However, Defendant has produced no evidence to support his assertion that Wilson failed to appear at a scheduled deposition. Second, even if true, the Defendant has not argued why lesser sanctions, such as denying Plaintiff the use of his testimony, would not be adequate. The Court declines to dismiss Plaintiff's claims under Rule 41(b). A dismissal with prejudice under Rule 41(b) is an extreme sanction that deprives the litigant of the opportunity to pursue his claim. *See Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992).

*6. Remand*

Because the Court has dismissed all claims over which it has original jurisdiction, the Court must evaluate whether remand to state court furthers "the values of economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *accord Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("[W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished. Instead, the decision as to whether to retain the pendent claims lies within the sound discretion of the district court.") The only remaining claim is a state law defamation claim, as to which Defendant is not entitled to summary judgment. The Court thus exercises its discretion to remand such a pendant claim, and **REMANDS** the case to County Court at Law No. 4, Dallas County, Texas.

## CONCLUSION

For the reasons above, the Defendant's Motion is **GRANTED IN PART**; the Court **DISMISSES** with prejudice Plaintiff's (1) claim of First Amendment retaliation, (2) § 1983

claim based on the Equal Protection Clause, and (3) claims under the TCHRA. The Court **REMANDS** the remaining claim, for defamation, to County Court at Law No. 4, Dallas County, Texas.

**SO ORDERED.**

April 10, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS